**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

VALERIE B. CARTER,                         :
                                           :
            Petitioner,                    :
                                           :
v.                                         :         CASE NO. 5:12-CV-189-MTT-MSH
                                           :               28 U.S.C. § 2254
CATHY SEABOLT, WARDEN,                     :
                                           :
            Respondent.                    :
_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's Motion to Dismiss Petitioner's petition for habeas relief as untimely.  (ECF No. 9.)  Petitioner was notified of the filing of Respondent's Motion to Dismiss on July 31, 2012 (ECF No. 10) and filed a response to the motion on August 24, 2012.  (ECF No. 12.)  For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

## BACKGROUND

On September 13, 2007, in the Superior Court of Houston County, Petitioner was found guilty of felony murder, distribution of oxycodone, and possession of oxycodone with the intent to distribute.  (Pet. for Writ of Habeas Corpus 1, ECF No 1.)  Petitioner was sentenced to life in prison for the murder, and thirty years to be served concurrently for the distribution charges.  (Pet. for Writ of Habeas Corpus 1.)  Petitioner's sentence was affirmed by the Georgia Supreme Court on April 28, 2009.  *Carter v. State*, 285 Ga.

394 (2009).  Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

On April 16, 2010, Petitioner moved for state habeas relief in the Dekalb County Superior Court.  (Resp't's Ex. 2, ECF No. 11.)   Her petition was denied on November 12, 2010.  (Resp't's Ex. 5.)  Petitioner filed an application for probable cause to appeal with the Georgia Supreme Court which was dismissed on May 16, 2011.  (Resp't's Ex. 6-7.)  Petitioner then filed this federal application for habeas relief on May 7, 2012.

## DISCUSSION

### I.     The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions.  "The purpose of the AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction."  *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

. . .

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period

of limitation under this subsection.

28 U.S.C. § 2244(d).  Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II.    Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely. Petitioner was found guilty and sentenced to life in prison on September 13, 2007.  (Pet. for Writ of Habeas Corpus 1.)  Petitioner then filed an appeal.  On April 28, 2009, the Supreme Court of Georgia affirmed her conviction and sentence.  *Nichols v. State*, 281 Ga. 483, 487, 640 S.E.2d 40, 43 (2007).   Petitioner's Motion for Reconsideration was denied on May 18, 2009.  Petitioner thereafter had 90 days within which to file a petition for certiorari to the United States Supreme Court.  Sup. Ct. R. 13.  Since Petitioner did not file a petition for certiorari, her judgment became final on August 16, 2009.  *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner filed her state habeas corpus petition on April 16, 2010, and was denied

on November 12, 2010 (Resp't's Ex. 5), thus allowing 243 days of her one year AEDPA limitations period to run.  Petitioner's timely filed application for a certificate of probable cause was thereafter denied by the Georgia Supreme Court on May 16, 2011.  (Resp't's Ex. 7.)  Petitioner filed a motion for reconsideration of the denial of her application for certificate of probable cause which was denied on June 27, 2011.  Petitioner's one-year limitations period thus began running again on June 28, 2011.

As of June 28, 2011, Petitioner had 122 remaining days in her one-year AEDPA limitations period.  That time expired on October 28, 2011.  Petitioner did not file this federal application for habeas relief until May 7, 2012, more seven months after the limitations period expired.  This federal petition, filed over one year after the expiration of the limitations period, fails to invoke the jurisdiction of this Court.  Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

## III.    Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss (ECF No. 9) should be GRANTED and Petitioner's action should be dismissed as untimely. Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 13th day of September, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE